UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Civil No. |
| ASSORTED PIECES OF JEWELRY VALUED AT $14,274.00, | : | |
| Defendants | : | |
| [CLAIMANT:  NESTOR SOSA-ORTIZ] | : | May 5, 2020 |

VERIFIED COMPLAINT OF FORFEITURE

Now comes Plaintiff, United States of America, by and through its attorneys, John H. Durham, United States Attorney for the District of Connecticut, and David C. Nelson, Assistant United States Attorney, and respectfully states that:

1. This is a civil action in rem brought to enforce the provision of 21 U.S.C. § 881(a)(6), which provides for the forfeiture of proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355. Venue is appropriate in the District of Connecticut by virtue of 28 U.S.C. § 1395(b).

3. The Defendant is Assorted Pieces of Jewelry valued at $14,274.00 ("Defendant Assets").

4. The Defendant Assets are located within the jurisdiction of this Court.

5. On February 10, 2020, Nestor Sosa-Ortiz submitted an administrative claim of ownership to the Defendant Assets.

**Background of Investigation**

6. In or around July of 2018, law enforcement began an investigation of a large-scale heroin drug trafficking organization ("DTO") based in Waterbury, Connecticut. Law enforcement determined that the DTO was headed by members of the Sosa-Ortiz family.

7. Through information gathered during confidential source debriefings, law enforcement determined that the DTO was trafficking multiple kilogram quantities of heroin and fentanyl monthly throughout the greater Waterbury area.

8. During the course of the investigation, through Title III wire intercepts and information from confidential sources, law enforcement determined that Nestor Sosa-Ortiz was the leader of the DTO.

9. Despite his federal arrest in May of 2019 and subsequent pre-trial detention for trafficking approximately four kilograms of heroin in New York, law enforcement learned that Nestor Sosa-Ortiz had continued to act in a leadership role for the DTO while incarcerated through the use of smuggled cell phones.

10. Law enforcement determined that since Nestor Sosa-Ortiz's arrest and imprisonment, his sisters Isamelis and Imirici Sosa-Ortiz have been operating the day-to-day operations of the DTO at Nestor's direction.

11. On October 29, 2019, law enforcement served a federal arrest and search warrant on Imirici Sosa-Ortiz at her residence located at 1567 East Main Street, Apartment 4, Waterbury, Connecticut. Law enforcement knocked on the exterior door of the residence and announced their presence.

12. After a brief period of time, Imirici Sosa-Ortiz answered the door. She was then placed under arrest and advised of her Miranda rights. Imirici waived her rights and gave consent to law enforcement to search her premises.

13. During the search of the residence, a cell phone was located on the kitchen counter. Law enforcement dialed a telephone number that was intercepted during the Title III investigation and the cell phone began ringing. When law enforcement ended the call, the phone desisted ringing.

14. Also discovered and sized by law enforcement during the search were several pieces of men's gold jewelry located on top of a bedroom dresser. Imirici told law enforcement that the jewelry belonged to her brother, Nestor Sosa-Ortiz, who law enforcement had previously identified as the leader of the Sosa-Ortiz DTO.

15. A check with the State of Connecticut Department of Labor revealed that Nestor Sosa-Ortiz had no reported income for the last eight quarters.

16. Based on the above information, it is believed that Assorted Pieces of Jewelry valued at $14,274.00 constitute proceeds from the illegal sale and distribution of narcotics and are therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

17. The Defendant Assets represents proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., and are, therefore, subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that Warrants of Arrest In Rem be issued for Assorted Pieces of Jewelry valued at $14,274.00; that due notice be given to all parties

to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the property to be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

        Respectfully submitted,

        JOHN H. DURHAM
        UNITED STATES ATTORNEY

        */s/ David C. Nelson*
        DAVID C. NELSON
        ASSISTANT U.S. ATTORNEY
        FEDERAL BAR NO. ct25640
        157 CHURCH STREET, 25TH FLOOR
        NEW HAVEN, CT  06510
        (203) 821-3700
        (203) 773-5373 (fax)
        David.C.Nelson@usdoj.gov

## DECLARATION

I am a Task Force Officer for the United States Drug Enforcement Administration, and the agent assigned the responsibility for this case.

I have reviewed the contents of the foregoing Verified Complaint of Forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 5th day of May, 2020.


    */s/ Matthew Lennon*
MATTHEW LENNON
TASK FORCE OFFICER
U.S. DRUG ENFORCEMENT ADMINISTRATION